JOSEPH G. HARMON *vs.* MARTHA J. MOORE, administratrix.

*Mail—wilful obstruction of.    Mail-team—not attachable when in actual use.    Receiptor's liability.*

An attachment, knowingly, of a team consisting of two horses harnessed to a wagon, standing in front of a post-office, on a mail route, in charge of the mail-carrier waiting for the mail, is a wilful obstruction and retarding of the passage of the mail, within the meaning of the Act of Congress, of March 3, 1825, § 9, and therefore void.

And a receiptor for such property, thus attached, is not liable therefor on his receipt, stipulating to pay one hundred dollars, or redeliver the property.

ON REPORT.

ASSUMPSIT upon a receipt signed by Joseph Moore, promising to "pay Joseph G. Harmon, deputy-sheriff, on his order, one hundred dollars, on demand, or to re-deliver the goods and chattels following, viz.; one mail-wagon, and two dark-brown horses," etc.

It appeared that the plaintiff, as deputy-sheriff in and for this county, on the 25th Aug., 1866, having a writ in favor of one Rogers, against one Marston, attached the property mentioned in the receipt, standing in front of the post-office at N. Wakefield, on a regular mail-route in charge of Marston, who was the mail-carrier then waiting for the mail. The possession of the team was obtained by Marston after the attachment, by obtaining the receipt of Moore for the plaintiff, having been detained one-half hour.

The writ, return thereon of the attachment, judgment, execution and return thereon of demand, etc., were put into the case. And the court to render judgment on nonsuit or default.

*L. S. Moore*, for the plaintiff.

*William J. Copeland*, for the defendant.

APPLETON, C. J. The plaintiff as a deputy-sheriff attached a mail-wagon and two horses, which were then in use upon the mail route in carrying the mail. The question raised is whether such attachment is valid. The law on this subject is clearly thus stated by Bell, J., in *B. & C. & M. R. R. Co.* v. *Gilmore*, 37 N. H. 410. " The property of individuals, who owe duties to the public, is not for that reason exempted from liability to the ordinary process of law, except so long as it is in actual use in discharge of that duty. Such is the case of the contractor to carry the mail. It has never been held, that the steamboat, or coach and horses, used in the conveyance of the mail, were exempt when not in use. *Briggs* v. *Strange*, 17 Mass. 409; *Potter* v. *Hall*, 3 Pick. 368."

By the statutes of the United States of March 3, 1825, § 9, " if any person shall knowingly and willfully obstruct or retard the passage of the mail, or of any driver or carrier, or of any horse or

carriage carrying the same, he shall, upon conviction for every such offense, pay a fine not exceeding one hundred dollars," etc.    Brightly's Digest, 218.    The attachment, knowingly, of the mail-coach and horses, while carrying the mail, must be deemed a willful obstruction and retarding the passage of the mail.

The receipt is in the alternative, to pay one hundred dollars on demand, or to redeliver the articles attached.    The attachment in such case is dissolved.    *Treat* v. *Waterman*, 49 Maine, 309.

The attachment being illegal, the officer is not liable to the creditor.    As the liability of the receptor is only co-extensive with that of the officer, and as the officer is not liable, the receiptor must be discharged.    *Plaisted* v. *Hoar*, 45 Maine, 380.

*Plaintiff nonsuit.*

KENT, WALTON, DICKERSON, BARROWS, and TAPLEY, JJ., concurred.